UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____                   │
│ DATE FILED: __12/30/2020____              │
└─────────────────────────────────────────┘
```

UNITED STATES OF AMERICA,

-against-

AHMED NAWAZ,                                    16 Cr. 431 (AT)

Defendant.                                      **<u>ORDER</u>**

ANALISA TORRES, District Judge:

Defendant, Ahmed Nawaz, a prisoner serving his sentence at Moshannon Valley CI, moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mot., ECF No. 57. For the reasons stated below, Nawaz's motion is DENIED.

## BACKGROUND

In 2017, Nawaz was indicted for conspiring to manufacture and import heroin into the United States. ECF No. 2. Nawaz was arrested in the Republic of Cabo Verde on March 24, 2017, and released on August 2, 2017. Def. Mem. at 2, ECF No. 57. He was then arrested in Senegal on August 29, 2017, and extradited to the United States on November 8, 2018. Gov't Opp'n at 2, ECF No. 59. On July 2, 2019, Nawaz pleaded guilty to conspiring to import heroin into the United States in violation of 21 U.S.C. §§ 963 and 960(b)(3), and on October 9, 2019, the Court sentenced him to 60 months' imprisonment and three years' supervised release. 7/2/2019 Docket Entry; ECF No. 53. Nawaz has now served approximately 52 of those 60 months. Def. Mem. at 8. He is subject to a Immigrations and Customs Enforcement ("ICE") detainer, and will be held in ICE custody after completion of his sentence until he is deported to his home country of Pakistan. Def. Mem. at 8.

While incarcerated in Cabo Verde and Senegal, Nawaz reportedly suffered from difficulty breathing, kidney pain, chronic back pain, and depression. Presentencing Report

("PSR") ¶ 46, at 17; Def. Mem. at 6–7.  On October 5, 2020, Nawaz first requested an inhaler for the asthma he states he suffered all his life, which was given to him.  Moshannon Valley Medical Records 2 at 3.[1]  His asthma has been noted as "mild," and is controlled by the inhaler. Moshannon Valley Medical Records 1 at 1, 9.  His BOP medical records also report latent tuberculosis, for which he does not report symptoms and has refused treatment.  *Id.* at 8; MCC Medical Records 2020 Update at 12; MCC Medical Records 2019 at 10.  His BOP medical records do not reflect any current kidney issues.

On October 13, 2020, Nawaz's counsel wrote to the Court requesting appointment as CJA counsel in order to file a motion for compassionate release.  ECF No. 55.  On November 23, 2020, Nawaz moved this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic.  Def. Mot. at 1.  On November 30, 2020, Nawaz submitted a request for compassionate release to Moshannon Valley CI's warden, who had not responded as of December 7, 2020.  *See* Def. Reply at 4, ECF No. 60.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised

---

[1] The parties filed Nawaz's BOP medical records under seal, and the PSR was originally filed under seal.  The Court finds that Nawaz's privacy interest in his medical records and the PSR outweighs the public right of access to judicial documents, and so will permit those filings to remain under seal—though, because both parties' filings discuss the essential facts of those records publicly, the Court will not redact the portion of this order that addresses Nawaz's medical history.  *See United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) ("This [o]pinion includes details of [movant's] medical tests, results, and diagnoses.  The vast majority of these details are in the public record, summarized in the motion papers and subsequent letters on the docket from [movant's] counsel and the Government.  The medical records themselves remain under seal, but the Court draws a limited number of details from them for the purposes of this [o]pinion." (citations omitted)).

release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)     extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Nawaz must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.  The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct; [and]
        (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

Though the parties dispute whether Nawaz has exhausted his administrative remedies and, if not, if that failure to exhaust bars his application, the Court need not reach the question because the request for release can be denied on the merits.  The Court finds that Nawaz has not set forth "extraordinary and compelling reasons" to modify his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1.  *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020).  The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-

care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (internal quotation marks omitted). Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and is not bound by Guideline § 1B1.13. *Id.* at 237.

Nawaz argues that his previous kidney and lung troubles are extraordinary and compelling reasons sufficient to merit his release. Def. Mem. at 10. Nawaz's BOP medical records do not indicate that he currently suffers from a kidney ailment, however, and Nawaz's reported lung problems, asthma and latent tuberculosis, are, respectively, mild and asymptomatic. Moshannon Valley Medical Records 1 at 1, 8, 9; MCC Medical Records 2020 Update at 12; MCC Medical Records 2019 at 10. Although the Centers for Disease Control and Prevention (the "CDC") has indicated that chronic kidney disease and some chronic lung diseases put an individual at higher risk of severe illness from COVID-19, and moderate to severe asthma might create an increased risk for severe illness from the virus, it has not stated that past kidney issues, mild asthma, or latent tuberculosis creates the same risk. *See COVID-19 (Coronavirus Disease): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020). Moreover, Nawaz is in fifties, which, though increasing his risk, does not put him into the CDC's highest risk category. *COVID-19 (Coronavirus Disease): Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

Courts have granted modified sentences in light of COVID-19 for defendants with illnesses or injuries that make them particularly vulnerable to COVID-19. *See, e.g.*, *United States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at \*4 (S.D.N.Y. Nov. 23, 2020) (collecting cases). By contrast, in cases where such illnesses or injuries were absent, courts in this district have denied requests for compassionate release. *See, e.g.*, *United States v. Brooks*, No. 11 Cr. 206, 2020 WL 6946589, at \*2 (S.D.N.Y. Nov. 24, 2020); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at \*2 (S.D.N.Y. Apr. 15, 2020). Nawaz's reported medical conditions do not, therefore, give rise to an extraordinary and compelling reason for to modify his sentence.

Nawaz also argues that his ICE detainer creates an extraordinary and compelling reason for release, as it will cause him to be detained for longer than the sentence given him by this Court: his term of imprisonment plus his time in ICE detention. Def. Reply at 2. The Government reports, after consultation with a Supervisory Detention and Deportation Officer at the field office that is expected to handle Nawaz's deportation, that because Defendant does not have a valid passport, he will likely be held in ICE detention for over six months while he obtains the necessary documents from Pakistan—a time period which could be extended as he is transported to ICE custody, or as he waits for a flight to Pakistan.[2] Gov't ICE Letter at 1, ECF No. 62; Def. Letter at 4, ECF No. 63.

Courts, both in this District and elsewhere, have not found that an ICE detainer, without additional preexisting, high-risk health conditions, constitutes an extraordinary and compelling reason for release. *United States v. Prelaj*, No. 16 Cr. 55, 2020 WL 3642029, at \*2, 3 n.1 (S.D.N.Y. July 6, 2020) (denying compassionate release where Defendant's BOP medical records did not support claims of high-risk medical conditions, despite Defendant's argument that "he will face additional time in custody due to an immigration detainer"); *cf., e.g.*, *United*

---

[2] If Nawaz had a valid passport, the Government states that he would remain in ICE custody for one to two months. Gov't ICE Letter at 1.

*States v. Bennett*, No. 05 Cr. 1192, 2020 WL 2539077, at *2 (S.D.N.Y. May 18, 2020) (granting compassionate release where Defendant was 71 years old and otherwise eligible for home confinement but for his detainer, and would be deported immediately upon release); *United States v. Afanasyev*, No. 17 Cr. 350, 2020 WL 6395303, at *2 (S.D.N.Y. Oct. 30, 2020) (granting compassionate release where Defendant suffered from preexisting medical conditions designated as high-risk by the CDC, and his detainer indicated he would not be a danger to the community).

The Court is deeply concerned about the delays and conditions of ICE detention. Nevertheless, 18 U.S.C. § 3582(c)(1)(A) requires extraordinary reasons for compassionate release, and every criminal defendant with an ICE detainer faces a similar extra term of detention. The ICE detainer does not, therefore, amount to an extraordinary and compelling reason for release unique to Nawaz. *United States v. Scronic*, No. 18 Cr. 43, 2020 WL 7048245, at *2 (S.D.N.Y. Nov. 30, 2020) ("[U]niversal conditions do not give rise to extraordinary and compelling circumstances[.]").

Finally, Nawaz contends that his rehabilitation, concrete reentry plan, the needs of his family in Pakistan, and the short time left on his sentence merit compassionate release. Def. Reply at 1; Def. Letter. at 2. The Court may consider rehabilitation as a factor in determining if there are extraordinary and compelling reasons for compassionate release, but it alone is not sufficient. *Brooker*, 976 F.3d at 237–38. The other circumstances of Nawaz's detention and reentry, although they may impact the Court's analysis when considering the § 3553 factors, do not create extraordinary and compelling reasons for release.

The Court does not disregard the risk Nawaz might face should he contract COVID-19. He may be outside of the most acutely vulnerable group, but the novel coronavirus can have devastating effects on even healthy individuals. The Government has an obligation to protect every person in its custody from the threat COVID-19 presents. *See Valentine v. Collier*, 140 S.

Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been rendered vulnerable and often powerless to protect themselves from harm.  May we hope that our country's facilities serve as models rather than cautionary tales.").  Nor does the Court wish to diminish his desire to return to his home as soon as possible to assist his family, or his efforts to rehabilitate himself during his detention.  Nevertheless, Nawaz does not present extraordinary and compelling reasons for release.  The Court concludes, therefore, that Nawaz is ineligible for release on the merits.[3]

## CONCLUSION

Accordingly, Nawaz's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 57.

SO ORDERED.

Dated: December 30, 2020
　　　　New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] In so ruling, the Court does not pass on the administrative exhaustion question posed in this case, and does not abandon its position expressed in prior orders with respect to the exhaustion of administrative remedies under certain circumstances. *See United States v. Zukerman*, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020) (granting compassionate release); *United States v. Perez*, 451 F. Supp. 3d 288, 294 (S.D.N.Y. 2020) (same).