UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | USDC SDNY |
| | DOCUMENT |
| -against- | ELECTRONICALLY FILED |
| | DOC #: _____ |
| AHMED NAWAZ, | DATE FILED: _2/19/2021____ |

16 Cr. 431 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On December 30, 2020, the Court entered an order (the "Order") denying Defendant

Ahmed Nawaz's motion for a reduction of his term of imprisonment under the federal

compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A).  ECF No. 65.  On January

24, 2021, Defendant moved for reconsideration of the Order.  ECF No. 68.  For the reasons

stated below, Defendant's motion is DENIED.

I.   Legal Standard

Although no federal rule or statute governs criminal motions for reconsideration, courts

in this district apply Local Criminal Rule 49.1(d).  *See Simon v. United States*, No. 07 Cr. 474,

2021 WL 242360, at *2 (S.D.N.Y. Jan. 25, 2021) (collecting cases).  Local Rule 49.1(d) requires

that a motion for reconsideration be filed within fourteen days of the Court's order, and include a

memorandum "setting forth concisely the matters or controlling decisions which counsel

believes the Court has overlooked."[1]  Loc. Crim. R. 49.1(d).

Courts consider criminal motions for reconsideration under "largely the same" standards

as the equivalent civil motions.  *United States v. Lisi*, No. 15 Cr. 457, 2020 WL 1331955, at *2

(S.D.N.Y. Mar. 23, 2020).  Whether to grant or deny is in the "sound discretion of the district

court."  *Simon*, 2021 WL 242360, at *2 (internal quotation marks and citation omitted).

---

[1] Defendant's motion is thus untimely, as it was filed after January 13, 2021, fourteen days after the issuance of the Order.  Loc. R. 49.1(d).  However, courts have discretion to excuse untimeliness "for good cause," which the Court chooses to do here.  *See United States v. Lisi*, No. 15 Cr. 457, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020).

However, reconsideration is an "extraordinary remedy" that should not be used to "relitigate[e] old issues, present[] the case under new theories or otherwise tak[e] a second bite at the apple." *Id.* (internal quotation marks and citation omitted).  A court should only grant a motion for reconsideration because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *United States v. Bush*, No. 18 Cr. 907, 2021 WL 371782, at *1 (S.D.N.Y. Feb. 3, 2021) (citation omitted); *see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).

Under 18 U.S.C. § 3582, a court may reduce a defendant's sentence, if the defendant demonstrates "extraordinary and compelling reasons" for such a reduction, and after a consideration of the factors listed in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582.[2]

II. <u>Analysis</u>

Defendant's motion turns on the detainer placed on him by United States Immigration and Customs Enforcement ("ICE"), which the Government estimates will result in his being detained for an additional seven months after the completion of his 60-month sentence of imprisonment.  *See* Order at 1; Def. Mem. at 2, ECF No. 68; ECF No. 53.  According to the Bureau of Prisons, Defendant's term of incarceration ends on July 24, 2021.  ECF No. 57 at 2; ECF No. 59 at 4.  In the Order, the Court held that Defendant had not presented an extraordinary and compelling reason for release because Defendant does not suffer from medical conditions that would make him particularly vulnerable to COVID-19.  Order at 4–5.  The Court further

---

[2] In addition, Defendant must meet the statutory exhaustion requirement.  18 U.S.C. § 3582.  While the parties disputed whether Defendant had exhausted his claims when the Court issued the Order, *see* Order at 3, he has now fully exhausted his administrative remedies.  Def. Mem. at 3, ECF No. 68.

concluded that Defendant's ICE detainer does not amount to an extraordinary and compelling reason for release.  *Id.* at 5–6.

Defendant argues that the Court's conclusion led to a manifest injustice, because his detention by ICE will be tantamount to a 67-month sentence, as opposed to the 60-month sentence imposed by the Court.  Def. Mem. at 1–2.  Defendant argues that seven months in ICE custody is significantly longer than the norm, and thus not a "universal condition" but an extraordinary and compelling reason for release.  *Id.* (quoting *United States v. Scronic*, No. 18 Cr. 43, 2020 WL 7048245, at *2 (S.D.N.Y. Nov. 30, 2020)).  In support of this claim, Defendant cites Isaac Wheeler, Esq., whom Defendant characterizes as "a well-respected and knowledgeable immigration expert with the Federal Defenders of New York."  *Id.* at 2.  Defendant claims that Wheeler opines that seven months in ICE detention is longer than average, and arises from factors unique to Defendant: his lack of travel papers, the fact that he is from a developing country, and the limited number of flights to and from Pakistan.[3]  *Id.* at 2.  Defendant also states, without citation, that other defendants "at most" face up to three months in ICE custody.  Def. Mem. at 3.

Understanding that Defendant would likely be detained for seven months,[4] the Court concluded that an ICE detainer does not amount to an extraordinary and compelling reason for release, even if it imposes an extra period of confinement.  Order at 5–6; ECF Nos. 62–64.  Congress and the Supreme Court have determined that ICE detention after a criminal sentence has been served is permissible, and set limits and remedies with respect to such detention.  *See* 18 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001).  Should Defendant's

---

[3] Defendant does not submit a sworn statement from Wheeler.  *See* Def. Mem. at 2.
[4] The Government offers multiple examples of defendants facing over seven months of ICE detention, including those facing deportation to Pakistan.  Gov't Opp'n at 6–8, ECF No. 70.  The Court does not resolve here the question of whether a seven-month detention is outside the norm.

confinement by ICE extend to a period of time which is excessively long, he may take administrative and legal action to remedy that.  But a preemptive motion for compassionate release is not the avenue for redress.

Defendant makes two additional arguments.  First, he contends he would be eligible for home confinement were he a United States citizen.  This does not, however, rise to the level of an extraordinary and compelling reason for release.  *Cf. United States v. Molina Acevedo*, No. 18 CR. 365, 2020 WL 3182770, at *3 (S.D.N.Y. June 15, 2020) (finding an extraordinary and compelling reason for release in a defendant's health condition only, though he was ineligible for home confinement due to his citizenship).  Second, Defendant cites *United States v. Mcrae* for the proposition that the COVID-19 pandemic's causing the defendant's "term in custody . . . [to be] more arduous than the [c]ourt intended—or anyone could have anticipated," justifies compassionate release.  No. 17 Cr. 643 (S.D.N.Y. Jan. 15, 2021), ECF No. 49 at 7; Def. Mem. at 4.  *Mcrae*, however, addressed the § 3553(a) factor requiring the length of the sentence reflect the seriousness of the offense.  *Mcrae*, No. 17 Cr. 643, ECF No. 49 at 7.  Although the court noted that among the "assembled considerations" that led to extraordinary and compelling reasons for release was "the unexpectedly punishing quality" of the defendant's time in custody, Mcrae was also obese, a medical condition that leads to a more serious risk of COVID-19.  *Id.* at 10–11; *Mcrae*, 17 Cr. 643, ECF No. 46 at 2–3 (S.D.N.Y. Dec. 23, 2020).  Defendant does not suffer from an illness that would create an extraordinary and compelling reason for release.

## CONCLUSION

Accordingly, Defendant's motion for reconsideration is DENIED.  The Clerk of Court is

directed to terminate the motion at ECF No. 68.

SO ORDERED.

Dated: February 19, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge